On an appeal from a decision of the auditor of public accounts.
One hundred and seventy-three acres of land, belonging to James Anderson, late sheriff of Harrison County, were sold in 1791, for arrearages due by him to the Commonwealth ; and the plaintiff became the purchaser, at the price of 811. 10s. Od. 1-2 in State-road-Certificates, which were paid into the treasury. The plaintiff, in 1794, sold the land to one Powers ; but at what price, does not appear : Anderson’s heirs (on account of some irregularity in the sale) brought suit, in the Superior Court of Eaw held at Mor-gantown ; and in 1798, recovered the land. Powers then brought suit against the plaintiff, and, in 1799, recovered 901 dollars, and costs ; the supposed value of the land and improvements, at the time of eviction or recovery. — The plaintiff then applied to the auditor of public accounts, to be paid the amount thereof, which the auditor refused ; and, thereupon, the plaintiff, upon his petition, was allowed an appeal to this court.
Randolph, for the appellant.
The Attorney General, for the Commonwealth.
PER CURIAM.
Upon what ground, the Superior Court of Eaw at Morgantown determined in favor of Anderson’s heirs, does not appear; but, probably, upon the one suggested by the Attorney General; however, be that as it may, it is a court of competent jurisdiction, and the judgment thereof remains in full force; and proves, that Powers has been evicted from the land, and that he has recovered of the plaintiff the sum of 901 dollars, besides costs : and it is supposed (for it does not appear in the record) that this sum includes the price, with interest, which he gave for the land, or its value with the improvements, at the time of his eviction, or recovery. — The only question, therefore, is, what shall the plaintiff recover of the commonwealth ? Shall it be the smn recovered of him ? or that which he gave *100 when he bought at Anderson’s sale ?—
The opinion of the Court is, that the value at the time of the contract, and not at the time of eviction, should form, in all cases of ■warranty, the true standard of damag-es, the rule for ascertaining which value should be the *price given. Powers, therefore, should have recovered of the plaintiff the price which he gave, with interest, and costs; and the plaintiff (by the same rule) should recover of the Commonwealth what he paid into the treasury ; so that each person in turn will receive back, with interest, what he has advanced. For if the sum recovered by Powers comprehends the value of the place as increased, from any cause, not produced by himself, he should not, on that account, recover any thing more, of any person, than the sum he gave, with interest: and, if he had improved the place, he should not have recovered (even at law) of the plaintiff, for those improvements ; because they were not sold by him, and of course no warranty on his part extended to them ; but, for such improvements, Powers should recover of those who evicted him, and thereby took from him the fruits of his own labour ; the value of which should be estimated at the time when he yielded possession thereof. Therefore, unless the parties will consent, (or their counsel for them,) that one of the master commissioners of this Court shall report the value of the State-road-Certificates paid into the treasury by the plaintiff, an issue will be directed, to ascertain that value ; the amount whereof, with interest, will be decreed to the plaintiff; and the auditor directed to issue a warrant upon the treasury for the same.
The parties consented that a commissioner might act in the case; and the counsel, on both sides, expressed their satisfaction with the decision.